UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

LAUREN B. BELL

    Plaintiff,

v.                                                                 Case No.:

PSS WORLD MEDICAL, INC.,

    Defendant.

_____/

3:12-cv-381-J-99mmH-JRK

**COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT BASED ON RACE, RETALIATION, CONSTRUCTIVE DISCHARGE, AND DISABILITY, AND VIOLATION OF THE GENETIC INFORMATION NONDISCRIMINATION ACT, AND DEMAND FOR JURY TRIAL**

Plaintiff, **LAUREN B. BELL** ("**Bell**"), brings this action seeking monetary damages, reinstatement, attorney's fees, costs, and other relief against Defendant, **PSS WORLD MEDICAL, INC.** ("**PSS**"), and alleges the following:

### NATURE OF ACTION

1. This is an action brought by **Bell** against Defendant for discrimination in employment based on her **race**, and based on **retaliation** against her, and her **constructive discharge** in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"); and based on discrimination against her because of her **disability** in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760 of the Florida Civil Rights Act of 1992, as amended

("FCRA"); and based on Defendant's violation of Title II of the **Genetic Information Nondiscrimination Act** of 2008.

## JURISDICTIONAL AND VENUE

2. The jurisdiction of this Court is invoked under § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district.

## PARTIES

4  Plaintiff, **Bell**, is an African American female citizen of the United States and the State of Florida, City of Jacksonville, and County of Duval.

5. Defendant is an employer in an industry that affects commerce, and employs more than 15 employees for purpose of applicability of the FCRA, the Americans With Disabilities Act (ADA) of 1990, and the Genetic Information Nondiscrimination Act of 2008; and more than 25 employees for purpose of applicability of Title VII of the Civil Rights Act of 1964, as amended.

6. The unlawful practices of discrimination in employment alleged herein were committed within the State of Florida.

7. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, as amended ("FCRA"), and the Genetic Information Nondiscrimination Act of 2008 have occurred or been complied with, to wit:  A charge of employment discrimination was filed by **Bell** against Defendant with the United States Equal Opportunity Commission; that Commission issued **Bell** her Notice Of Right To Sue, dated August 30, 2011; which Notice was

"returned to sender - unclaimed - unable to forward;" and consequently effectively mailed to her on January 12, 2012 (*See Composite Exhibit 1 attached*); and this civil action is being commenced within 90 days of **Bell's** receipt of same.

## FACTUAL ALLEGATIONS

8. Plaintiff, **Bell**, began her employment with Defendant on August 13, 2007, as a Supply Chain Sales Representative.

9. During her tenure working with Defendant, **Bell** was afflicted with a Hyperthyroidism condition which exhibited itself in severe chronic migraines.

10. **Bell's** medical condition was determined and documented disabling by her physician such as necessitated her request for company-approved Family Medical Leave Act (FMLA) absence.

11. **Bell** sought reasonable accommodation of her disability from Defendant, and was denied same.

12. Rather, confidential information began to be released to **Bell's** co-workers, and other supervisors, concerning her confidential medical conditions, such as persuaded her co-workers, and other supervisors, to harass and retaliate against her.

13. **Bell** filed a complaint with Defendant's Human Resources Department; and eventually with Defendant's CEO concerning this; what she perceived as, discrimination, yet nothing was done.

14. As a direct result of **Bell's** foregoing complaint:

    1) Her work assignments were taken away (on April 20, 2010);

    2) She was written-up;

    3) She did not receive a pay raise;

4) Her Confidential medical condition continued to be disclosed to other employees & supervisors & offensive remarks were being made about her disability; and

4) She continued to be denied requested reasonable accommodation.

15. Consequently, **Bell** sought the protection of the EEOC by filing her Charge of Discrimination against Defendant.

16. To the extent that the above-delineated on-the-job *harassment and retaliation* continued; even in view of **Bell's** filed EEOC Complaint, **Bell** was constructively discharged from the employ of Defendant effective around September 30, 2010.

### JURISDICTION AND FIRST CLAIM FOR RELIEF

17. Plaintiff, **Bell**, realleges paragraphs 8 through 16 as if specifically plead herein, and further states.

18. Plaintiff's first claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting discrimination in employment based on **race**.

19. Other of Defendant's co-workers similarly situated as was **Bell**, except for her protected categories of race and sex, were treated more favorably than was **Bell** relative to Defendant's policies relative to absences, and application of its FMLA policies, and relative to Defendant's reasonable accommodation of various of its employees, and relative to work assignments, pay raises; disclosure of confidential medical information, etc..

20. Defendant's discrimination against **Bell** because of her race and sex, by and through treating her different than her similarly situated co-workers not in her protected class as delineated above was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), was calculated to; and did, cause **Bell** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND SECOND CLAIM FOR RELIEF

21. Plaintiff, **Bell**, realleges paragraph 8 through 16 as if specifically plead herein, and further states.

22. **Bell's** third claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **discrimination** in employment based on **retaliation**, specifically as alleged in paragraph 20 above.

23. In direct response to **Bell's** engagement in protected activity as delineated, Defendant intentionally discriminated against **Bell**, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), by adverse employment action of terminating her employment while not likewise terminating the employment of other of her coworkers similarly situated to her aside from her protected class of race.

24. The above delineated adverse employment action against **Bell** by Defendant were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), and were calculated to; and did, cause **Bell** to suffer loss pay and benefits, humiliation, mental

anguish, and emotional distress.

## JURISDICTION AND THIRD CLAIM FOR RELIEF

25. Plaintiff, **Bell**, realleges paragraph 8 through 16 as if specifically plead herein, and further states.

26. **Bell's** third claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **discrimination** in employment based on **constructive discharge**, specifically as alleged in paragraph 14 above.

27. In direct response to **Bell's** engagement in protected activity as delineated, Defendant intentionally discriminated against **Bell**, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), by adverse employment action of demoting her / reassigning her job duties.

28. Defendant's above delineated demotion of **Bell** / reassignment of her job duties in face of her undertaking her work-related disability and FMLA rights equates to Defendant's deliberately making her working conditions so intolerable as to force her to quit her job; which she eventually did.

29. The above delineated constructive discharge of **Bell** by was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), and was calculated to; and did, cause **Bell** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

## JURISDICTION AND FOURTH CLAIM FOR RELIEF

30. Plaintiff, **Bell**, realleges paragraph 8 through 16 as if specifically plead herein, and further states.

31. Plaintiff's second claim for relief is brought, and jurisdiction lies, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760, Fla. Stat. prohibiting **discrimination against disabled individuals** in employment.

32. Defendant recognized/acknowledged **Bell's** disability, and yet did not *reasonably* accommodated same; notwithstanding **Bell's** requests that her disability be reasonably accommodated as were other of her similarly situated co-workers not in her protected categories.

33. At the time Defendant discriminated against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; by the discriminatory manner in which it handled her FMLA requests; and by retaliating against her in her work assignments, Plaintiff was a qualified individual under Title I of the ADA, and under the FCRA.

34. At the time Defendant discriminated against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; by the discriminatory manner in which it handled her FMLA requests; and by retaliating against her in her work assignments, Plaintiff's disability substantially affected one or more of her major life activities and/or Plaintiff had a record of having an impairment and/or was being regarded by Defendant as having an impairment as required under Title I of the ADA and under the FCRA.

35. At the time Defendant discriminated against Plaintiff because of her disability

by not consistently according her requested reasonable accommodation; by the discriminatory manner in which it handled her FMLA requests; and by retaliating against her in her work assignments, Plaintiff could have substantially performed the major functions of her job with reasonable accommodation as required under Title I of the ADA, and under the FCRA.

36. Consistent, reasonable accommodation was requested of Defendant by Plaintiff, in lieu of the aforedescribed continued employment discrimination, notwithstanding which requests, the discrimination continued.

37. Defendant discriminated against Plaintiff, as aforedescribed, because of her disability, notwithstanding its full knowledge of her disability.

38. Defendant's discrimination against Plaintiff because of her disability by not consistently according her requested reasonable accommodation; in the discriminatory manner in which it handled her FMLA requests; and by retaliating against her in her work assignments, was calculated to; and did, cause Plaintiff to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND FIFTH CLAIM FOR RELIEF

39. Plaintiff, **Bell**, realleges paragraphs 8 through 16, as if specifically plead herein, and further states.

40. **Bell's** fifth claim for relief is brought, and jurisdiction lies, pursuant to the **Genetic Information Nondiscrimination Act** of 2008 prohibiting discrimination, harassment, retaliation and/or illegal disclosure of genetic DNA information.

41. Defendant intentionally discriminated against **Bell**, in violation of Title VII of the the **Genetic Information Nondiscrimination Act** of 2008 by discriminatorily harassing

her, retaliating against her, and by illegally disclosing her genetic / DNA information.

42. **Bell** meets all elements of protection under the **Genetic Information Nondiscrimination Act** of 2008.

43. Defendant's violation of the **Genetic Information Nondiscrimination Act** of 2008 as against **Bell** was calculated to; and did, cause **Bell** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

WHEREFORE, **Bell** respectfully pray that this Honorable Court will advance this case upon the docket; order a speedy jury trial on all issues so triable by jury at the earliest practicable date; cause this case to be in every way expedited, and upon such hearing, award her the following relief as against Defendant:

A. Order Defendant to reinstate her to her job position;

B. Enjoin Defendant from further discriminatory and/or retaliatory acts against her;

C. Grant her back pay, including lost benefits, she would have received had she not suffered the discriminatory discharge from her employment as delineated herein;

D. Award her compensatory damages for humiliation, mental anguish, pain and suffering and any other compensatory damages which this Court; in its wisdom, feels is just and proper, based on the proof in these proceedings;

E. Enter judgment for Plaintiff for reinstatement of her job, and award her monetary losses she sustained, including benefits, raises, reasonable attorneys fees and costs, and liquidated damages in an additional amount

of equal to the sum of her actual damages plus interest pursuant to 29 U.S.C.§ 2617, and

F. Award to her reasonable attorney's fees and costs of this action.

Respectfully submitted,

**Maxie Broome, Jr., P.A.**

*/s/ Maxie Broome, Jr.*
Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O. Box 371
Bartow, Florida 33831
(904) 382-2434 telephone

Attorney for Plaintiff

*Composite Exh 1*

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Lauren Bell<br>3225 Caribbean Dr.<br>Jacksonville, FL 32277 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2011-00527 | Omayra Rodriguez,<br>Investigator | (305) 808-1770 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____
MALCOLM S. MEDLEY,
District Director

AUG 3 0 2011

EEOC Miami District Office
(Date Mailed)

Enclosures(s)

cc: Respondent Representative
Evelyn Mitchell
Senior Counsel, Labor and Employment
PSS WORLD MEDICAL, INC.
4345 Southpoint Blvd.
Jacksonville, FL 32216

made within the next 90 days.)

IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.





MIAMI DISTRICT OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ONE BISCAYNE TOWER, SUITE 2700
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300