**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LAUREN B. BELL,

        Plaintiff,

vs.                                                                 Case No. 3:12-cv-381-J-99MMH-JRK

PSS WORLD MEDICAL, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Defendant's Motion to Dismiss Count V of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. No. 6; "Motion"), filed May 8, 2012. Plaintiff filed a response in opposition to the Motion. See Response in Opposition to Motion to Dismiss (Doc. No. 7; "Response"), filed May 18, 2012. On September 6, 2012, the Motion was referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, for the issuance of a Report and Recommendation regarding an appropriate resolution. See Order of Referral (Doc. No. 12).

## I. Background

Plaintiff initiated this case by filing a Complaint for Discrimination in Employment Based on Race, Retaliation, Constructive Discharge, and Disability, and Violation of the Genetic Information Nondiscrimination Act, and Demand for Jury Trial (Doc. No. 1) on April 6, 2012. The Complaint contains five (5) counts, the last of which is the subject of the instant

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Motion.  Count V seeks relief under the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1 ("GINA").  Compl. at 8-10.  Plaintiff alleges that "Defendant intentionally discriminated against [Plaintiff] . . . by discriminatorily harassing her, retaliating against her, and by illegally disclosing her genetic / DNA information."  Id. at 8-9.  Plaintiff further alleges that she "meets all elements of protection under the [GINA]," and that "Defendant's violation of the [GINA] as against [Plaintiff] was calculated to; and did, cause [Plaintiff] to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress."  Id. at 9.

The facts alleged in the Complaint are as follows.  Plaintiff began working for Defendant on August 13, 2007.  Id. at 3.  "During her tenure working with Defendant, [Plaintiff] was afflicted with a Hyperthyroidism condition which exhibited itself in severe chronic migraines."  Id.  Plaintiff's "medical condition was determined and documented disabling by her physician . . . ."  Id.  Plaintiff "sought reasonable accommodation of her disability from Defendant, and was denied same."  Id.  "Rather, confidential information began to be released to [Plaintiff's] co-workers, and other supervisors, concerning [Plaintiff's] confidential medical conditions, such as persuaded her co-workers, and other supervisors, to harass and retaliate against her."  Id.  After Plaintiff "filed a complaint with Defendant's Human Resources Department[,] . . . nothing was done."  Id.  Plaintiff believes that in response to her complaint to the human resources department, "work assignments were taken away" from her; "she was written-up"; "she did not receive a pay raise"; "[h]er [c]onfidential medical condition continued to be disclosed to other employees [and] supervisors"; "offensive remarks were being made about her disability"; and "[s]he continued

to be denied requested reasonable accommodation." Id. at 3-4. On September 30, 2010, Plaintiff "was constructively discharged from the employ of Defendant." Id. at 4.

## II. Standard

In reviewing and deciding a motion to dismiss premised on Rule 12(b)(6), "'[a] court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir.1993)). In considering such pleadings and exhibits, the court must accept well-pled factual allegations as true and view the allegations in the light most favorable to the nonmoving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'[L]abels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertions'" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). A claim is facially plausible when the court can make a reasonable inference based on the facts pled that an opposing party is liable for the alleged misconduct. Id. (citing Twombly, 550 U.S. at 570). "In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in [a p]laintiff's favor, 'but we are not required to draw [the] plaintiff's inference.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005)). "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of

plaintiff's allegations." Sinaltrainal, 578 F.3d at 1260 (quoting Aldana, 416 F.3d at 1248; citing Iqbal, 129 S. Ct. at 1951).

### III. DIscussion

In the Motion, Defendant argues "that Count V of Plaintiff's Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and so should be dismissed." Motion at 1. Defendant asserts that Plaintiff's claim "that she meets all the elements of protection under GINA" is insufficient to state a cause of action because Plaintiff "does not identify a single element of a cause of action under GINA." Id. at 4-5. Alternatively, Defendant contends that Plaintiff's "allegations, even if taken as true, still do not support a violation of GINA." Id. at 5. Specifically, says Defendant, Plaintiff's minimal factual allegations relating to her GINA claim are insufficient "because not all confidential medical information is genetic information protected by GINA." Id. at 6.

In the Response, Plaintiff argues that given "Defendant's recitation and analysis of Plaintiff's allegations in Count V of her Complaint, it is abundantly clear that[] indeed the Defendant here has fair notice of what Plaintiff claims, and the grounds supporting said claim within the contemplation of Rule 8(a), Federal Rules of Civil Procedure." Response at 1 (internal quotations omitted).

Under GINA, it is "an unlawful employment practice for an employer to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. §

2000ff-1(a)(1). Genetic information entails "information about [an] individual's genetic tests, the genetic tests of family members of such individuals, and the manifestation of a disease or disorder in family members of such individual." Id. § 2000ff(4)(A). Genetic test is defined as "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes." Id. § 2000ff(7)(A). Genetic information also includes "genetic services and participation in genetic research." Id. § 2000ff(4)(B). "The basic intent of GINA is to prohibit employers from making a predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in [a] family member." Poore v. Peterbilt of Bristol, L.L.C., 852 F. Supp. 2d 727, 730 (W.D. Va. 2012) (internal quotations and citation omitted) (alteration in original).

Turning to Count V, Plaintiff's mere conclusory statements that she meets all requirements of GINA and that Defendant illegally disclosed her genetic or DNA information are insufficient to state a valid claim. The only specific fact alleged that could possibly relate to her GINA claim is that she "was afflicted with a Hyperthyroidism condition which exhibited itself in severe chronic migraines." Compl. at 3. Plaintiff refers to that condition as a "disability." Id. She also references "confidential information" and "confidential medical conditions" but does not explain or provide any context so as to place Defendant on notice of what those terms mean. Because Plaintiff has failed to provide any basis, factual or otherwise, for the Court to reasonably infer that her hyperthyroidism, the "confidential information," or the "confidential medical conditions" equate to genetic testing and/or genetic information, Plaintiff has failed to properly allege a valid claim under GINA. See Graves v.

Brookfield Suites Hotel & Convention Ctr., No. 11-CV-01060, 2012 WL 3941774, at *1 (E.D. Wis. Sept. 10, 2012) (unpublished) (dismissing GINA claim because the complaint did not describe "any genetic information about [the plaintiff] that was disclosed to [the] defendant"); Leone v. N. Jersey Orthopaedic Specialists, P.A., No. 11-3957 (ES), 2012 WL 1535198, at *6 (D.N.J. Apr. 27, 2012) (unpublished) (dismissing without prejudice GINA claim because the plaintiff failed "to provide plausible factual support" that he was discriminated against based on genetic tests); Dumas v. Hurley Med. Ctr., 837 F. Supp. 2d 655, 666 (E.D. Mich. 2011) (dismissing GINA claim because "the complaint d[id] not allege use or misuse of any . . . genetic information").

### IV. Conclusion

Upon consideration of the Motion, the Response, and the file, the undersigned finds that the Complaint fails to state a cause of action under GINA.  Accordingly, it is

**RECOMMENDED**:

That Defendant's Motion to Dismiss Count V of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. No. 6) be **GRANTED** to the extent that Count V of Plaintiff's Complaint (Doc. No. 1) be **DISMISSED without prejudice** to Plaintiff filing an amended complaint, if appropriate, within thirty (30) days of a final order regarding the resolution of the instant Motion.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 7, 2012.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record